UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHWALLET, LLC<br><br>     Plaintiff,<br><br>     v.<br><br>SQUARE, INC.<br><br>     Defendant. | Civil Action No. 1:21-cv-05463 |

**DEFENDANT SQUARE, INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO CLAIM
PATENTABLE SUBJECT MATTER UNDER 35 U.S.C. § 101**

**TABLE OF CONTENTS**

I.    The asserted claims are patent ineligible under well-established precedent........................ 1

II.   AuthWallet's arguments concerning "increased fraud security" are irrelevant because the purported security improvements are not recited in the claims. ............................................................................................................................ 2

III.  The asserted claims do not contain an inventive concept. .................................................. 4

IV.   The computer-readable media claims are patent-ineligible as a matter of law, and AuthWallet has abandoned any argument as to their patentability. ...................... 5

CONCLUSION............................................................................................................................. 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*
573 U.S. 208 (2014) ................................................................................................ 1, 2, 4

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.,*
788 F.3d 1371 (Fed. Cir. 2015) ......................................................................................5

*Boom! Payments, Inc. v. Stripe, Inc.,*
839 F. App'x 528 (Fed. Cir. 2021) .................................................................................4

*BSG Tech LLC v. Buyseasons, Inc.,*
899 F.3d 1281 (Fed. Cir. 2018) ......................................................................................5

*Dealertrack, Inc. v. Huber,*
674 F.3d 1315 (Fed. Cir. 2012) ............................................................................ 1, 2, 5

*In re Elbaum,*
2021 WL 3923280 (Fed. Cir. Sept. 2, 2021) ..................................................................2

*Hongying Zhao v. JPMorgan Chase & Co.,*
2019 WL 1173010 (S.D.N.Y. Mar. 13, 2019) ................................................................6

*Jackson v. Fed. Express,*
766 F.3d 189 (2d Cir. 2014) ...........................................................................................6

*In re Nuijten,*
500 F.3d 1346 (Fed. Cir. 2007) ......................................................................................5

*RDPA, LLC v. Geopath, Inc.,*
--- F. Supp. 3d ----, 2021 WL 2440700 (S.D.N.Y. June 15, 2021) ....................... 1, 2, 5

*Return Mail, Inc. v. U.S. Postal Serv.,*
868 F.3d 1350 (Fed. Cir. 2017) ......................................................................................5

*Smart Sys. Innovations, LLC v. Chi. Transit Auth.,*
873 F.3d 1364 (Fed. Cir. 2017) ......................................................................................1

*Synopsys, Inc. v. Mentor Graphics Corp.,*
839 F.3d 1138 (Fed. Cir. 2016) .................................................................................3, 4

*Universal Secure Registry LLC v. Apple Inc.,*
10 F.4th 1342 (Fed. Cir. 2021) .......................................................................................4

**Statutes**

35 U.S.C. § 101 .................................................................................................................1, 2, 3, 5

This case should be dismissed with prejudice because all claims of the only asserted patent are ineligible for patenting under 35 U.S.C. § 101. This conclusion is compelled by over a decade of unbroken Supreme Court and Federal Circuit precedent holding that patent claims of this ilk—those that merely implement fundamental economic practices like sales transactions using generic computer components and techniques—do not pass muster under § 101.

AuthWallet's opposition to Square's motion to dismiss does not come close to showing otherwise. AuthWallet fails to engage substantively with most of Square's arguments or the extensive case law Square cites in support. AuthWallet instead devotes most of its brief to discussing features of its patent that are described in the specification but *not recited in the claims*. These arguments miss the mark, because "[t]he focus of a Section 101 inquiry is on the asserted claims"—not the specification. *RDPA, LLC v. Geopath, Inc.*, 2021 WL 2440700, at *9 (S.D.N.Y. June 15, 2021) (Liman, J.) (citing *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1334 (Fed. Cir. 2012)). Moreover, AuthWallet does not even attempt to defend the purported eligibility of computer-readable media claims 28–40, which, as Square has shown, are patent ineligible per se. Accordingly, AuthWallet's complaint should be dismissed with prejudice.

I. **The asserted claims are patent ineligible under well-established precedent.**

Square's opening brief established that the '852 patent claims are ineligible for patenting under black-letter Supreme Court and Federal Circuit precedent.[1] The claims recite the

---

[1] Both parties have treated claim 1 as representative, so the Court may properly limit its *Alice* analysis to that claim. *See Smart Sys. Innovations, LLC v. Chi. Transit Auth.*, 873 F.3d 1364, 1368 n.7 (Fed. Cir. 2017) (approving of district court's analysis of single representative claim because patentee had not "identif[ied] a meaningful difference between the claims"). AuthWallet asserts in passing (at 2) that the other two independent claims "as well as the dependent claims add further material important to patentability," but AuthWallet offers no support for this statement, nor does its opposition contain any arguments as to the patentability of any claims other than claim 1. On the contrary, AuthWallet admits (at 7) that claim 1 "is representative."

performance of a well-known business practice—processing a discounted payment in a sales transaction—using generic computer components like "processors" and "mobile devices." Square's opening brief cited (at 10–12, 14–18, 19–22) over a dozen cases holding that methods of engaging in discounted sales transactions are abstract ideas at *Alice* Step One, and approximately a dozen more holding that generic computer implementation of such methods is insufficient to impart an inventive concept at *Alice* Step Two.

AuthWallet does not even attempt to substantively engage with this case law. Instead, it simply asserts (at 11) in conclusory terms that the cases are "not applicable." But AuthWallet's own descriptions of the cases confirm that they are directly on point. For example, AuthWallet states (at 12) that *RDPA* "involved 'the use of a computer to perform well known business practices'" and that *In re Elbaum*, 2021 WL 3923280 (Fed. Cir. 2021), "involved 'managing sales transaction activity.'" The same is true of the claims here. The '852 patent claims recite the use of generic computer components and techniques to perform a well-known business practice: processing a discounted payment in a sales transaction.

## II. AuthWallet's arguments concerning "increased fraud security" are irrelevant because the purported security improvements are not recited in the claims.

AuthWallet repeatedly argues (at 4, 5, 6–9, 10, 13) that the '852 patent claims are eligible for patenting because the invention allows for "increased fraud security" for remote financial transactions. But these arguments are irrelevant because the purported security improvements are found nowhere in the *claims*.

"The focus of a Section 101 inquiry is on the asserted claims." *RDPA*, 2021 WL 2440700, at *9 (citing *Dealertrack*, 674 F.3d at 1334). Accordingly, a patentee may not rely on an unclaimed feature described in the specification to save its claims from ineligibility. *Dealertrack*, 674 F.3d at 1334 (rejecting patentee's eligibility arguments that relied on "certain

2

algorithms . . . disclosed in the specification" because "[i]n considering patent eligibility under § 101, one must focus on the claims"); *see also Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016) (same).

AuthWallet asserts (e.g., at 5) that "the focus of the claims is 'providing increased fraud security for financial transactions when a physical device cannot be presented to the merchant by the purchaser by providing out-of-band confirmation[,] [w]here the out-of-band confirmation is a secondary source of identifying information provided by an intermediary service.'" But the primary support AuthWallet provides for this assertion consists of passages from the *specification*—not the claims. *See* Opp. Br. 5–6 (quoting '852 patent 8:30–43, 11:5–13); *id.* at 7–8 (quoting '852 patent 7:18–29); *id.* at 9 (discussing various flowcharts described in the specification); *id.* at 11–12 (quoting '852 patent 1:62–65, 4:63–67, 9:9–13); *id.* at 13 (citing '852 patent 7:1–56). AuthWallet nowhere ties these disclosures from the specification to anything in the claims. And that is unsurprising, because the claims say nothing about "increased fraud security," "out-of-band confirmation," a "secondary source of identifying information," or "Track 1" versus "Track 2" information. The claims instead focus on the user's ability to select a particular "stored value item" (i.e., discount) to be applied to a particular transaction. Specifically, the claims recite that the authorization request generated by the transaction "includes a purchaser identifier and transaction information" and that the user is able to receive a "transaction indication message" and then indicate that a "stored value item should be applied against the transaction." Opp. Br. 6–7 (quoting '852 patent 32:52–54, 33:1–2, 33:5–7). That functionality has nothing to do with "increased fraud security" or security at all. And AuthWallet itself admits (at 13) that the generic identification of a purchaser or a given transaction "is not a technological solution to an issue in the prior art."

3

For similar reasons, AuthWallet's complaints (at 10–11) that Square has "oversimplified" the claimed invention miss the mark. Square's motion does not "mention a heightened security element," Opp. Br. 10, because the *claims* do not mention a heightened security element. Square's arguments properly focus on the invention that the patentee actually *claimed*; AuthWallet's arguments, in contrast, improperly focus on details the patentee included in the specification but chose not to recite in the claims. Even "complex details from the specification cannot save a claim directed to an abstract idea that recites generic computer parts" and processes. *Synopsys*, 839 F.3d at 1149.

### III.     The asserted claims do not contain an inventive concept.

AuthWallet also contends (at 14–17) that, even if the asserted claims are directed to an abstract idea, they are nonetheless patent eligible because they contain an inventive concept. AuthWallet makes two arguments in support of this contention, but neither has merit.

*First*, AuthWallet asserts (at 15–16) that the patent's "two-step authentication process"— i.e., the process whereby the customer confirms via a mobile device that she wishes to continue the transaction—supplies an inventive concept. As an initial matter, the claims say nothing about "authentication"—instead, they focus on allowing the purchaser to use a mobile device to choose which stored value item to apply to a given transaction. *See* '852 patent 32:52–33:5–7. In any event, even if the claims *did* contain an authentication element, the Federal Circuit confirmed just months ago that an authentication technique is insufficient to supply an inventive concept because "verifying the identity of a user to facilitate a transaction is a fundamental economic practice." *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1353 (Fed. Cir. 2021). In other words, "identity authentication" is simply a "second layer of abstraction" that cannot save otherwise ineligible claims under *Alice* Step Two. *Boom! Payments, Inc. v. Stripe, Inc.*, 839 F. App'x 528, 532 (Fed. Cir. 2021).

4

*Second*, AuthWallet contends (at 16–17) that the patented invention "overcome[s] a specific problem in online sales" because it enables "a user to purchase from an online vendor, where the credit card is not physically presented to the vendor, while availing [herself] of a secure credit card transaction in order to receive lower fees." This argument fails for the same reason as those described in Section II above: AuthWallet fails to tie this alleged inventive concept to any language in the *claims*. Even assuming that the features described in the specification represent an improvement in online sales transactions, those features are irrelevant to the patent-eligibility analysis. "The focus of a Section 101 inquiry is on the asserted claims." *RDPA*, 2021 WL 2440700, at *9 (citing *Dealertrack*, 674 F.3d at 1334).

AuthWallet's closing contention that "[t]he claims do not try to pre-empt every use of technology to secure an online transaction" is a red herring. Federal Circuit law is clear that, "[w]hile preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility." *Return Mail, Inc. v. U.S. Postal Serv.*, 868 F.3d 1350, 1370 (Fed. Cir. 2017) (quoting *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015)), *rev'd on other grounds*, 139 S. Ct. 1853 (2019). Thus, "claims that are otherwise directed to patent-ineligible subject matter cannot be saved by arguing the absence of complete preemption." *Id.* (collecting cases); *accord, e.g.*, *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1291 (Fed. Cir. 2018).

**IV.     The computer-readable media claims are patent ineligible as a matter of law, and AuthWallet has abandoned any argument as to their patentability.**

Square's opening brief showed (at 22–23) that claims 28–40, which recite computer-readable media, are ineligible for patenting for a second, independent reason: they encompass transitory signals and therefore are *per se* directed to non-statutory subject matter. *See In re Nuijten*, 500 F.3d 1346, 1357 (Fed. Cir. 2007). AuthWallet does not even acknowledge this

5

argument, much less respond to it. AuthWallet has thus abandoned any argument that claims 28–40 are patentable. *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[A] court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *Hongying Zhao v. JPMorgan Chase & Co.*, 2019 WL 1173010, at *3 (S.D.N.Y. Mar. 13, 2019) (same). The Court should, therefore, dismiss AuthWallet's allegations as to claims 28–40 and find these claims unpatentable, regardless of its disposition of the remainder of the motion to dismiss.

## CONCLUSION

Square respectfully requests that the Court dismiss this case with prejudice.

Dated: December 17, 2021                    Respectfully submitted,

  /s/ *Daniel S. Block*
Daniel S. Block
Chandrika Vira
William H. Milliken
Sterne, Kessler, Goldstein & Fox, P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005
(202) 371-2600
dblock@sternekessler.com
cvira@sternekessler.com
wmilliken@sternekessler.com

*Counsel for Defendant Square, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 17, 2021.

                                                /s/ *Daniel S. Block*
                                                Daniel S. Block